Filed: 12/17/2014

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WELLS FARGO BANK, N.A., | B253861 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC522081) |
| v. | |
| THE BEST SERVICE CO., INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Green, Judge.  Dismissed.

Law Offices of Clark Garen, Clark Garen and Rachel Zwernemann, for Defendant and Appellant.

Carroll, Burdick & McDonough LLP, Daniel H. Wu, Nathaniel K. Fisher and Molly K. Madden, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant, The Best Service Co., Inc., appeals from a December 20, 2013 order denying its motion to stay the action pending arbitration. Defendant did not concurrently file a petition to compel arbitration. We dismiss the appeal because the trial court's denial of the stay motion unaccompanied by any motion or petition to compel arbitration or a pending arbitration is not an appealable order.

## II. BACKGROUND

On September 20, 2013, plaintiff, Wells Fargo Bank, N.A., filed a declaratory and injunctive relief complaint. On September 30, 2013, defendant sent plaintiff a demand for mediation and arbitration pursuant to a dispute resolution provision in a February 27, 2008 servicing agreement between the parties. On October 9, 2013, plaintiff rejected defendant's mediation and arbitration demand. On October 24, 2013, defendant moved to stay the action pending compliance with the arbitration demand. No petition or motion to compel arbitration was filed. No petition to compel compliance with the mediation provision of the parties' servicing agreement was filed. In its reply, defendant stressed the stay motion was not a petition to compel arbitration. Defendant argued: "[Plaintiff] seeks to mis-characterize this [m]otion as a [m]otion to [c]ompel [a]rbitration. This [m]otion is not a [m]otion to [c]ompel [a]rbitration. [Defendant] has never asked this [c]ourt to [c]ompel [a]rbitration. All [defendant] has asked this [c]ourt to do is issue a stay of the within civil case until the parties have completed mediation followed by arbitration in accordance with the contractual terms."

## III. DISCUSSION

The right to appeal is statutory. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; *Mt. San Jacinto Community College Dist. v. Superior Court*

(2007) 40 Cal.4th 648, 665.) The parties agree the relevant provisions concerning an appeal are those found in the California Arbitration Act. (Code Civ. Proc., §§ 1294, 1294.2.)[1] Recognizing this, defendant argues the order denying the stay of proceedings motion pending arbitration is an appealable order under Code of Civil Procedure sections 1294 and 1294.2. Section 1294, subdivision (a) provides in part: "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration." Section 1294.2 provides in part, "Upon an appeal from any order or judgment under this title, the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party." As can be noted, nothing in sections 1294, subdivision (a) nor 1294.2 allows for an appeal from a stay order which is unaccompanied by a motion or petition to compel arbitration.

Defendant asserts its appeal of the order denying a stay is an appeal from an order denying arbitration. This is despite the fact defendant never filed a motion or petition to compel arbitration. Defendant contends the trial court in effect ruled on a motion to compel arbitration by ruling plaintiff's claims were not arbitrable. At the December 20, 2013 hearing, the trial court expressed its doubts that the complaint's declaratory and injunctive relief claims were not subject to the arbitration provision. But the trial court never ruled the plaintiff's claims were arbitrable. At the outset of the hearing, the trial court stated defendant's motion was for a stay of the action pending arbitration. Moreover, the December 20, 2013 minute order states, "The [c]ourt, having read and considered the documents filed and all oral argument, denies the [m]otion of [d]efendant to [s]tay [a]ction [p]ending [a]rbitration." Neither the trial court's oral statements nor written ruling purported to resolve the arbitrability issue.

Defendant contends the order denying a stay pending arbitration is the equivalent of an order refusing to compel arbitration. At the outset, we emphasize there is no pending arbitration nor was any effort made to compel such. In any event, defendant

---

[1]      Further statutory references are to the Code of Civil Procedure.

3

relies on *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 99-100 (*Henry*). In *Henry*, while an action was pending, the defendant initiated an arbitration before the American Arbitration Association. (*Id.* at p. 98.) The plaintiff then filed a petition to stay the arbitration. The trial court granted the plaintiff's motion to stay the arbitration which was pending before the American Arbitration Association. The defendant appealed from the order staying the American Arbitration Association arbitration of the plaintiff's claims during the pendency of the litigation. (*Id.* at p. 96.) The plaintiff argued the appeal must be dismissed as it was from a nonappealable order. The Court of Appeal rejected the plaintiff's argument that the appeal must be dismissed as taken from a nonappealable interlocutory order. (*Id.* at p. 97.) The Court of Appeal held, "[A]n order staying arbitration is the functional equivalent of an order refusing to compel arbitration." (*Id.* at p. 99.) Thus, the Court of Appeal concluded the order staying the pending American Arbitration Association arbitration was appealable under section 1294, subdivision (a). (*Ibid.*)

The Court of Appeal discussed the benefits of arbitration and why there is a right to appeal from an order denying a petition or motion to compel arbitration: "We note the advantages of arbitration include 'a presumptively less costly, more expeditious manner' of resolving disputes. (*Keating v. Superior Court* (1982) 31 Cal.3d 584, 595 app. dism. in part, revd. in part on other grounds, *sub nom. Southland Corp. v. Keating* (1984) 465 U.S. 1.) It follows a party to a *valid* arbitration agreement has a contractual right to have its dispute with another party to the contract resolved quickly and inexpensively. An order refusing to compel arbitration, if not reviewed immediately, would significantly delay arbitration and defeat its purpose. The order would force the party seeking arbitration to proceed with a potentially lengthy and costly trial and, if dissatisfied with the result, appeal from the final judgment. (See *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119.) By the time the Court of Appeal overturned the trial court's order, the value of the right to arbitrate would be significantly diminished by the delay and expense of litigation. The Legislature's dissatisfaction with this result led it to enact section 1294, subdivision (a) which specifically authorizes an appeal from an order 'dismissing or denying a

4

petition to compel arbitration. . . .' (Recommendation and Study Relating to Arbitration (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1961) G-1, G-60 & fn. 194.)" (*Henry, supra,* 233 Cal.App.3d at pp. 99-100.)

Here, unlike *Henry*, there is no pending arbitration. Nor did defendant file a motion or petition to compel arbitration. Thus, there is no oral or written order dismissing or denying a petition or motion to compel arbitration. There is no functional equivalent of an order dismissing or denying a petition or motion to compel arbitration. This is because no arbitration is pending nor was any effort made to compel plaintiff to arbitrate its claims. *Henry* is not controlling authority.

Likewise, this case is distinguishable from *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 653-656 (*MKJA, Inc.*). In *MKJA, Inc.*, there was a pending arbitration in Colorado. (*Id*. at pp. 650-651.) The defendant had filed a successful petition to compel arbitration in Colorado. (*Id.* at p. 655.) As a result, the California lawsuit was stayed. In August 2009, the plaintiffs filed a motion to lift the stay of the California lawsuit because the arbitration provisions were unconscionable. The plaintiffs explicitly requested that the trial court find that the arbitration clause was unconscionable, unenforceable and violative of California public policy. (*Id.* at p. 651.) In response, the defendant argued that the arbitration provisions were not unconscionable. (*Ibid*.) The plaintiff's reply papers expressly argued that the arbitration provision was unconscionable. (*Id*. at p. 652.) The trial court's written ruling detailed why the arbitration provisions were unconscionable. (*Id.* at pp. 652-653.) The defendant appealed from the order which declared the arbitration provisions unenforceable and lifted a stay of litigation pending arbitration. (*Id.* at p. 653.) The appellate court found by filing the Colorado petition to compel arbitration, the defendant evinced its intent to enforce the arbitration agreement. (*Id.* at p. 655.) The Court of Appeal ruled, "[T]he trial court's order declaring the arbitration provisions unenforceable is appealable under section 1294, subdivision (a) as the functional equivalent of an order denying a petition to compel arbitration." (*Ibid*.) The appellate court further held, "An order denying a stay of litigation pending arbitration may be reviewed pursuant to section 1294.2 upon an appeal

5

from an order made appealable pursuant to section 1294. (E.g. *Valentine Capital Asset Management, Inc. v. Agahi* (2009) 174 Cal.App.4th 606, 612, fn. 5 [94 Cal.Rptr.3d 526].)" (*Ibid.*) The Court of Appeal concluded it could review the order lifting the stay of litigation pursuant to section 1294.2. This was because defendant was appealing the order declaring the arbitration provisions unenforceable. (*Henry, supra*, at p. 656.)

Here, defendant is appealing from the trial court's refusal to stay the litigation. But, the defendant's stay motion was not not made in conjunction with a denial of a petition to compel arbitration or its functional equivalent. In its stay motion, defendant stated, "No previous [p]etition to [c]ompel [a]rbitration has been made, granted or is under consideration, or is being made concurrently with this motion." In its reply, defendant asserted the stay motion is not a petition to compel arbitration. As noted, the December 20, 2013 minute order from which defendant appeals from stated, "The [c]ourt, having read and considered the documents filed and all oral argument, denies the [m]otion of [d]efendant to [s]tay [a]ction [p]ending [a]rbitration." Sections 1294 and 1294.2 do not provide a basis for appellate jurisdiction under these circumstances.

Finally, the trial court's order denying the stay of action pending arbitration is not reviewable pursuant to section 1294.2. Section 1294.2 permits an appellate court to review an intermediate ruling or order upon appeal from an order or judgment under section 1294. Because there was no separate appealable order under section 1294, subdivision (a), the trial court's order denying the stay pending arbitration is a nonappealable interlocutory order. (*Valentine Capital Asset Management, Inc. v. Agahi, supra,* 174 Cal.App.4th at p. 612, fn. 5; *Pacific Investment Co. v. Townsend* (1976) 58 Cal.App.3d 1, 6, fn. 1; *Berman v. Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385, 388 ["the order denying a stay is not appealable itself, since it is interlocutory in nature and not expressly made appealable by any language in section 1294"].)

6

## IV.  DISPOSITION

The appeal is dismissed.  Plaintiff, Wells Fargo Bank, N.A., shall recover its costs incurred on appeal from defendant, The Best Service Co., Inc.

**CERTIFIED FOR PUBLICATION**

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.