Filed 2/11/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMPARO GASTELUM, | B263213 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC515487) |
| v. | |
| REMAX INTERNATIONAL, INC. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Holly E. Kendig. Dismissed.

Lytton, Williams, Messina & Hankin and John A. Messina, Jr. for Defendants and Appellants.

Reisner & King, Adam J. Reisner and Alisa Khousadian; Benedon & Serlin, Douglas G. Benedon and Judith E. Posner for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendants, Remax International Inc. and Jose Garcia-Yanez, appeal from an order lifting a litigation stay.  Plaintiff, Amparo Gastelum, filed a complaint against defendants regarding her employment.  Defendants moved to compel arbitration.  The trial court granted the motion to compel arbitration of Remax International, Inc. and stayed the litigation in the judicial forum pursuant to Code of Civil Procedure section 1281.4.[1]  Mr. Garcia-Yanez's motion to compel arbitration was denied.

Plaintiff initiated the arbitration proceeding.  Plaintiff requested Remax International, Inc. pay the arbitration filing fee pursuant to *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 113 (*Armendariz*).  (See *Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 400.)  Remax International, Inc., through its counsel, refused to pay the arbitration filing fee.  The arbitration provider dismissed the arbitral proceeding after no arbitration costs were paid.

Plaintiff then moved that the trial court lift its prior order staying the litigation.  Defendants filed no contemporary motion or petition seeking an order compelling resumption of the arbitration proceeding.  The trial court granted plaintiff's motion and lifted the litigation stay.  Defendants then appealed the order lifting the litigation stay.  We hold defendants are appealing from a nonappealable order.  Thus, the appeal must be dismissed.

# II.  BACKGROUND

## A.  Plaintiff's Complaint

On July 17, 2013, plaintiff filed her complaint against defendants.  Plaintiff alleges the following.  Remax International, Inc. is a California corporation.  Plaintiff was a

---

[1]     Further statutory references are to the Code of Civil Procedure.

former employee of Remax International, Inc. and supervised by Mr. Garcia-Yanez. Mr. Garcia-Yanez was a broker for Remax International, Incorporated. Plaintiff alleges 13 causes of action. Under the Fair Employment and Housing Act, plaintiff alleges: sex and gender harassment; sex and gender discrimination; and sex and gender retaliation. Plaintiff also alleges causes of action for: violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.); intentional and negligent interference with prospective economic relations; contract breach; implied covenant breach; violation of Business and Professions Code section 17200; defamation; intentional emotional distress infliction; and retaliation and wrongful termination.

B. Defendants' Motion to Compel Arbitration and Trial Court's Order Granting Motion

On December 6, 2013, defendants moved to compel arbitration. Defendants relied on an arbitration clause in an agreement entitled "INDEPENDENT CONTRACTOR AGREEMENT" between plaintiff and Remax International, Incorporated. The arbitration clause at subparagraph 9.B provides in part: "Contractor [plaintiff] hereby agrees to cooperate with Broker [Remax] by supporting and fully participating in all efforts to resolve disputes, complaints and other problems (hereafter collectively called *'Dispute(s)'*) that arise: (i) out of this Agreement; (ii) out of Contractor's conduct, activities or services as a real estate licensee; (iii) out of any transaction in which Contractor is involved, or (iv) out of Contractor's relationship with the RE/MAX Network or any RE/MAX affiliate . . . . Contractor agrees to cooperate in the resolution of such Disputes through mediation, and if not successfully resolved, then through binding arbitration in accordance with the provisions of Subparagraph 9.C. below." Subparagraph 9.C provides: "Disputes shall be submitted to a mediation and arbitration system mutually acceptable to the parties to the Dispute. If the parties cannot agree on a mediation and arbitration system, then the Dispute shall be submitted to the American Arbitration Association . . . for mediation and, if unsuccessful, for binding arbitration, in accordance with [the American Arbitration Association's] Commercial Mediation Rules

3

or Commercial Arbitration Rules, as applicable." In their motion to compel arbitration, the following appears, "'Defendants recognize that the Arbitration Agreements are employer-promulgated and therefore do, in fact, intend to pay the costs of arbitration.'"

On September 24, 2014, defendants' motion to compel arbitration was granted in part. The trial court found Remax International, Inc. and plaintiff had agreed to arbitrate the claims raised in her complaint. However, the trial court denied the motion to compel arbitration as to plaintiff's claims against Mr. Garcia-Yanez. The trial court found Mr. Garcia-Yanez was not a party to the arbitration agreement. Mr. Garcia-Yanez never appealed the September 24, 2014 denial of his motion to compel arbitration. The trial court stayed litigation pending the arbitration between plaintiff and Remax International, Inc. pursuant to section 1281.4 which provides in part, "If a court of competent jurisdiction . . . has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

C.  Arbitration Procedural History

On December 2, 2014, plaintiff submitted the matter for arbitration before the American Arbitration Association. An American Arbitration Association staffer, Adam Schoneck, sent a notice to the parties on December 17, 2014. Mr. Schoneck stated: the American Arbitration Association could not yet determine whether plaintiff was an employee or an independent contractor; therefore, Mr. Schoneck indicated the matter would proceed under the Commercial Arbitration Rules; and the issue of whether plaintiff was an employee or an independent contractor was preserved for review by the arbitrator after payment of the arbitration fees. Pursuant to the Commercial Arbitration Rules, Mr. Schoneck, on behalf of the American Arbitration Association, assessed a $7,000 filing fee because plaintiff's alleged damages are between $1 and $10 million.

4

Plaintiff had already paid $200. Mr. Schoneck indicated that if the remaining $6,800 filing fee was not paid, the American Arbitration Association would administratively close the arbitration proceeding.

Plaintiff was represented by Justin Silverman. On December 17, 2014, Mr. Silverman sent an e-mail to counsel for Remax International, Inc. requesting it pay the filing fee. Mr. Silverman noted the trial court's September 24, 2014 order partially granting the motion to compel arbitration expressly relied on *Armendariz* which held in part, "[A] mandatory employment arbitration agreement that contains within its scope the arbitration of [Fair Employment and Housing Act] claims impliedly obliges the employer to pay all types of costs that are unique to arbitration." (*Armendariz, supra,* 24 Cal.4th at p. 113; see *Cruise v. Kroger Co., supra,* 233 Cal.App.4th at p. 400.) Mr. Silverman informed defense counsel that Remax International, Inc. was required to pay the arbitration filing fee here. Remax International, Inc. did not pay the filing fee. The American Arbitration Association eventually closed the arbitration on January 15, 2015. Mr. Schoneck explained the arbitral proceedings were terminated because the arbitration fees remained unpaid.

D. Plaintiff's Motion to Lift Stay on Litigation and Trial Court's Order Granting Motion

On February 3, 2015, plaintiff moved to lift the stay on litigation. Plaintiff argued defendants' conduct by failing to pay arbitration filing fees terminated the arbitration proceeding. On March 3, 2015, the trial court granted plaintiff's motion and ordered the litigation stay lifted. This appeal by defendants followed.

III. DISCUSSION

The right to appeal is statutory. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; *Mt. San Jacinto Community College Dist. v. Superior Court* (2007) 40 Cal.4th 648, 665; *Wells Fargo Bank, N.A. v. The Best Service Co., Inc.* (2014)

232 Cal.App.4th 650, 652 (*Wells Fargo*).)  The general list of appealable civil judgments and orders is codified in section 904.1.**2**  (See *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9; *Nimmagadda v. Krishnamurthy* (1992) 3 Cal.App.4th 1505, 1507.) Nothing in section 904.1 expressly identifies an order setting aside a litigation stay as appealable.  And there is a general prohibition against nonfinal interlocutory orders in section 904.1, subdivision (a)(1) which applies in the arbitration context.  (See *Judge v. Nijjar Realty, Inc.* (2014) 232Cal.App.4th 619, 634; *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 442.)  Defendants rely upon section 1294, subdivision (a) which defines appealable orders relating to arbitration and

---

2  Section 904.1 states: "(a) An appeal, other than in a limited civil case, is to the court of appeal.  An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or (B) a judgment of contempt that is made final and conclusive by Section 1222. [¶] (2) From an order made after a judgment made appealable by paragraph (1). [¶] (3) From an order granting a motion to quash service of summons or granting a motion to stay the action on the ground of inconvenient forum, or from a written order of dismissal under Section 581d following an order granting a motion to dismiss the action on the ground of inconvenient forum. [¶] (4) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict. [¶] (5) From an order discharging or refusing to discharge an attachment or granting a right to attach order. [¶] (6) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. [¶] (7) From an order appointing a receiver. [¶] (8) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting. [¶] (9) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made. [¶] (10) From an order made appealable by the provisions of the Probate Code or the Family Code. [¶] (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (12) From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (13) From an order granting or denying a special motion to strike under Section 425.16. (b) Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

6

provides in part: "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration." Defendants assert the order lifting the stay of litigation was the functional equivalent of an order dismissing or denying a petition to compel arbitration.

Defendants rely upon *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 96-100 (*Henry*) to support their argument the order at issue is appealable. At the outset, we emphasize there is no pending arbitration. Nor has either defendant filed a petition or motion to compel the American Arbitration Association to reopen arbitral proceedings. That being said, we turn to *Henry*. In *Henry,* while an action was pending, the defendant initiated an arbitration before the American Arbitration Association. (*Id.* at p. 98.) The plaintiff then filed a motion to stay the arbitration. (*Ibid.*) The trial court granted the plaintiff's motion to stay the arbitration which was pending before the American Arbitration Association. (*Ibid.*) The defendant appealed from the order staying the American Arbitration Association arbitration of the plaintiff's claims during the pendency of the litigation. (*Id.* at p. 96.) The plaintiff argued the appeal must be dismissed as it was from a nonappealable order. (*Id.* at p. 98.) The Court of Appeal rejected the plaintiff's argument. (*Id.* at p. 97.) The Court of Appeal held, "[A]n order staying arbitration is the functional equivalent of an order refusing to compel arbitration." (*Id.* at p. 99.) Thus, the Court of Appeal concluded the order staying the pending American Arbitration Association arbitration was appealable under section 1294, subdivision (a). (*Ibid.*) The Court of Appeal reasoned in part, "[A]n order staying arbitration is merely the flip side of an order refusing to compel arbitration and should be treated the same for purposes of appellate review." (*Id.* at p. 100; see *Wells Fargo, supra,* 232 Cal.App.4th at p. 653; *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 653-654.)

The order appealed from here is materially different from the one in *Henry*. In *Henry*, an order was issued which stayed a *pending* arbitration. The order here lifted a stay on litigation under section 1281.4. An order lifting a stay of litigation under section 1281.4 is reviewable on appeal, but only when there is another appealable order or

7

judgment. (*MKJA, Inc. v. 123 Fit Franchising, LLC, supra,* 191 Cal.App.4th at p. 655; see § 1294.2 ["Upon an appeal from any order or judgment under this title [arbitration], the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party."].) Here, the motion of Remax International, Inc. to compel arbitration was granted. An order granting a motion to compel arbitration is not appealable under California law. (*Reyes v. Macy's Inc.* (2011) 202 Cal.App.4th 1119, 1122; *Muao v. Grosvenor Properties, Ltd.* (2002) 99 Cal.App.4th 1085, 1088-189.) As noted, Mr. Garcia-Yanez never appealed the denial of his motion to compel arbitration. Defendants have identified no other appealable order or judgment.

We have previously held that an appeal from a litigation stay order which is unaccompanied by a motion or petition to compel arbitration is *not* appealable. We explained, "[N]othing in sections 1294, subdivision (a) or 1294.2 allow for an appeal from a stay order which is unaccompanied by a motion or petition to compel arbitration." (*Wells Fargo, supra,* 232 Cal.App.4th at p. 653; see *Berman v. Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385, 388 ["the order denying a stay is not appealable itself, since it is interlocutory in nature and not expressly made appealable by any language in section 1294 . . . ."].) Our holding in *Wells Fargo*, which involved the construction of section 1294, subdivision (a), applies to the order lifting the litigation stay here. In *Wells Fargo*, we analyzed an order staying litigation which was unaccompanied by an effort to compel arbitration. Here, we are confronted with an order lifting a litigation stay which was unaccompanied by a motion or petition to compel arbitration.

Finally, an order lifting a litigation stay is not controlled by the analysis in *Henry*. As noted, *Henry* held an order staying arbitration is merely the "flip side" of one refusing to compel arbitration. (*Henry v. Alcove Investment, Inc., supra,* 233 Cal.App.3d at p. 100.) The order lifting the litigation stay is not, to use the metaphor in *Henry*, the "flip side" of an order denying a petition to compel arbitration under our circumstances. Because the order lifting the litigation stay is not appealable, we are required to dismiss the appeal. (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222; *Marsh v. Mountain*

8

*Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 297.)  As the present case does not involve an appealable order and must be dismissed, we need not address the parties' other contentions.

## IV.  DISPOSITION

The appeal is dismissed.  Plaintiff, Amparo Gastelum, may recover her appellate costs from defendants, Remax International, Incorporated, and Jose Garcia-Yanez.

**CERTIFIED FOR PUBLICATION**

TURNER, P. J.

We concur:

KRIEGLER, J.

KUMAR, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.