Filed 4/30/26  Hernandez v. Sohnen Enterprises CA2/5
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| MASSIEL HERNANDEZ, | B323303 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV26283) |
| v. | |
| SOHNEN ENTERPRISES, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven I. Goorvitch, Judge.  Reversed and remanded with directions.

Wolflick, Khachaturian & Bouayad, Gregory D. Wolflick and Theodore S. Khachaturian for Defendant and Appellant.

Moon Law Group and Kane Moon for Plaintiff and Respondent.

An employee filed a motion under Code of Civil Procedure section 1281.97 to withdraw from arbitration and litigate in state court after the employer failed to pay arbitration costs within 30 days of the due date.[1]  Based on the provisions of section 1281.97, the trial court found the employer breached the arbitration agreement and granted the motion.  On appeal, the employer contends that the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) governs the parties' arbitration agreement and preempts section 1281.97.

On May 22, 2024, we issued our initial majority opinion with a dissent in this case.  First, the majority determined that an order granting a motion under section 1281.97 to withdraw from arbitration and proceed in court is appealable.  Second, the majority concluded that the order must be reversed because the substantive and procedural provisions of the FAA apply to the arbitration agreement in this case.  Alternatively, even if California's arbitration laws applied, the majority construed section 1281.97 to mandate findings of breach and waiver for nonpayment of arbitration fees, in violation of the substantive provisions of the FAA.

On August 21, 2024, the California Supreme Court granted review in this case and deferred further action pending its decision on a similar preemption issue under the provisions of section 1281.98 (*Hohenshelt v. Superior Court* (2024) 99 Cal.App.5th 1319, review granted June 12, 2024, S284498).  On August 11, 2025, the Supreme Court issued its opinion in

---

[1] All further statutory references are to the California Code of Civil Procedure unless otherwise stated.

*Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 322–323 (*Hohenshelt*), rejecting a construction of 1281.98 that would result in preemption, and instead concluding, when properly construed, the provisions of section 1281.98 are not preempted by the FAA.

The California Supreme Court transferred this case back to us with directions to vacate our decision and reconsider it in light of *Hohenshelt*.  Based on the guidance provided in *Hohenshelt*, we conclude that even when an arbitration agreement is governed by the FAA in its entirety, including both substantive and procedural provisions of the FAA, a state law arbitration procedure that does not conflict with the FAA's procedures or the FAA's substantive equal-treatment principle will apply in state court.  In this case, the parties' agreement selected the FAA in its entirety, but section 1281.97, properly construed in accordance with *Hohenshelt*, does not conflict with any procedure of the FAA and is not preempted by the substantive provisions of the FAA. We now vacate our original opinion issued on May 22, 2024, and issue this new opinion reversing the trial court's order with directions.

## FACTUAL AND PROCEDURAL HISTORY

On December 2, 2016, plaintiff and respondent Massiel Hernandez executed an arbitration agreement with defendant and appellant Sohnen Enterprises, Inc., that stated, "This Agreement is governed by the Federal Arbitration Act ('FAA'), 9 U.S.C. [section] 1, et seq."  The agreement provided that "any disputes regarding the enforceability, interpretation, scope, applicability or coverage of this Agreement are reserved solely for

3

the Court, not for arbitration."  If the parties could not agree on an arbitrator, a party could "seek court appointment of an arbitrator pursuant to the FAA."  The agreement explained that arbitration fees would be paid by Sohnen or other parties to the dispute, not by the employee, but parties choosing to be represented by an attorney would be responsible for their own attorney fees.  During arbitration, the parties could conduct discovery and bring motions under the Federal Rules of Civil Procedure except as specifically provided otherwise in the agreement.  The parties waived class or representative actions "to the fullest extent permitted by the FAA."  The agreement also provided, "The arbitrator shall not have the power to commit errors of law or legal reasoning and the arbitrator's award may be vacated or corrected by a court of competent jurisdiction for any such error.  The decision of the arbitrator can be entered and enforced as a final judgment in any court of competent jurisdiction."

Hernandez worked for Sohnen as a "product handler" from February 2015 to August 2020.  On July 16, 2021, Hernandez filed a complaint against Sohnen for disability discrimination, Labor Code violations, and related causes of action.  On November 8, 2021, the parties stipulated to stay the trial court proceedings and arbitrate pursuant to their arbitration agreement, which they attached.  The stipulation stated that the Federal Rules of Civil Procedure applied to the arbitration.  The parties represented that their agreement "fully complies with the requirements of *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83," because the arbitration would provide a neutral arbitrator, all types of relief otherwise available in court, a written arbitration award, and Sohnen would pay "the

4

entire cost of the arbitration filing fee and the arbitrator's initial deposit (or any similar request, including any fees or costs that are unique to the arbitration) on or before any deadline specified by the arbitrator to do so[.]" The trial court entered an order in accordance with the terms of the stipulation, stating that Sohnen must pay the arbitration costs on or before any deadline specified by the arbitrator.

Hernandez filed a demand for arbitration with the Judicial Arbitration and Mediation Services, Inc. (JAMS). On April 7, 2022, JAMS sent a notice to the parties stating that filing fees of $1,750 were due upon receipt. Once the fees were received, JAMS would formally commence the matter and proceed with the arbitrator selection process. Sohnen paid the filing fees on May 13, 2022.

Hernandez filed a motion in the trial court to withdraw from arbitration and vacate the stay of court proceedings pursuant to section 1281.97. She argued that under section 1281.97, Sohnen materially breached the arbitration agreement and waived its right to arbitrate by failing to pay the arbitration fees within 30 days of the due date.

Sohnen opposed the motion on several grounds, including that the FAA and the Federal Rules of Civil Procedure applied to the arbitration, rather than California's Code of Civil Procedure, and the FAA preempts sections 1281.97, 1281.98, and 1281.99.

In July 2022, Hernandez filed a reply. She noted Sohnen did not dispute that the deposit to initiate arbitration was not paid within 30 days of the due date. She argued that although the Federal Rules of Civil Procedure applied to the arbitration itself, there was no arbitration because Sohnen did not timely

5

pay the deposit required to commence arbitration. In addition, the FAA did not preempt section 1281.97.

On August 31, 2022, a hearing was held on the motion to withdraw from arbitration and vacate the stay of court proceedings under section 1281.97. The trial court took the matter under submission. On September 1, 2022, the court found Sohnen had paid the required arbitration fees late and therefore breached the arbitration agreement, as provided in section 1281.97. The court ordered that Hernandez was not required to arbitrate, granted the motion to withdraw from arbitration, and vacated the stay of litigation. The court concluded the FAA did not preempt section 1281.97. As an additional basis for the ruling, the court found Sohnen violated the trial court's order to pay the cost of the arbitration and the initial deposit on or before the arbitrator's deadline. Although federal rules might apply to the arbitration itself, the court concluded federal rules did not apply to the trial court's decisions in advance of the arbitration proceeding, and the parties had delegated threshold determinations to the court. The court awarded $1,230 in monetary sanctions to Hernandez for reasonable expenses incurred as a result of the material breach. Sohnen filed an appeal from the order under section 1281.97.

As noted above, we issued our initial majority opinion on May 22, 2024, concluding that the parties' arbitration agreement was governed by the FAA, rather than California arbitration law, but that even if section 1281.97 applied, it was preempted by federal law. The California Supreme Court granted review in this case on August 21, 2024, and deferred further action pending its decision on a similar preemption issue in *Hohenshelt v. Superior Court* (2024) 99 Cal.App.5th 1319, review granted

6

June 12, 2024, S284498. On August 11, 2025, the Supreme Court issued its opinion in *Hohenshelt*, interpreting the provisions of section 1281.98 to avoid preemption by the FAA. (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 322–323.) The California Supreme Court transferred this case back to us with directions to vacate our decision and reconsider it in light of *Hohenshelt*. The parties have not filed supplemental briefs.

## DISCUSSION

### A. Appealability

As a preliminary matter, we must determine whether an order under section 1281.97 allowing a party to withdraw from arbitration and proceed in court is an appealable order.[2] We have an independent obligation to confirm that an appealable

---

[2] Appealability was not at issue in *Hohenshelt*. (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 324–326). In *Hohenshelt*, the trial court denied the plaintiff's petition to withdraw from arbitration and proceed in court pursuant to section 1281.98. (*Ibid*.) The plaintiff sought review through a petition for writ of mandate, which the appellate court granted in *Hohenshelt v. Superior Court*, *supra*, 99 Cal.App.5th at p. 1326. The California Supreme Court reversed the appellate court's order with directions to remand the matter to the trial court to consider whether the defendant was excused from failing to timely pay arbitration fees and whether the delay caused compensable harm to the plaintiff. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 349.)

7

order or judgment exists establishing appellate jurisdiction. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)

"The right to appeal is statutory." (*Gastelum v. Remax Internat., Inc.* (2016) 244 Cal.App.4th 1016, 1021 (*Gastelum*).) Section 904.1 provides a general list of appealable civil judgments and orders.[3] In addition, an order "dismissing or denying a

_____

[3] Section 904.1 states in full: "(a) An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or a judgment of contempt that is made final and conclusive by Section 1222. [¶] (2) From an order made after a judgment made appealable by paragraph (1) [¶] (3) From an order granting a motion to quash service of summons or granting a motion to stay the action on the ground of inconvenient forum, or from a written order of dismissal under Section 581d following an order granting a motion to dismiss the action on the ground of inconvenient forum. [¶] (4) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict. [¶] (5) From an order discharging or refusing to discharge an attachment or granting a right to attach order. [¶] (6) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. [¶] (7) From an order appointing a receiver. [¶] (8) From an interlocutory judgment, order, or decree, made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting. [¶] (9) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made. [¶] (10) From an order made appealable by the Probate Code or the Family Code. [¶] (11) From an interlocutory judgment directing payment of monetary sanctions

petition to compel arbitration" is appealable under section 1294, subdivision (a), of the California Arbitration Act (CAA; § 1280 et seq.). Interlocutory orders, on the other hand, are generally not appealable. (*Gastelum*, *supra*, 244 Cal.App.4th at p. 1022.)

No statute expressly states that orders under section 1281.97 are appealable, but California courts have concluded orders that are the "functional equivalent" of denying a petition to compel arbitration are appealable under section 1294, subdivision (a). In *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 98 (*Henry*), the appellate court concluded that an order staying arbitration proceedings under section 1281.2 of the CAA should be treated the same as an order denying a petition to compel arbitration. Under section 1281.2, if a court determines that a party to arbitration is also a party to litigation with a third party and there is a possibility of conflicting rulings on a common issue of law or fact, the court may order a stay of arbitration pending the outcome of the court action. The *Henry* court reasoned, "an order staying arbitration is the functional equivalent of an order refusing to compel arbitration. We note

_____

by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (12) From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (13) From an order granting or denying a special motion to strike under Sections 425.16 and 425.19. [¶] (14) From a final order or judgment in a bifurcated proceeding regarding child custody or visitation rights. [¶] (b) Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

the advantages of arbitration include 'a presumptively less costly, more expeditious manner of resolving disputes.' [Citations.] It follows a party to a *valid* arbitration agreement has a contractual right to have its dispute with another party to the contract resolved quickly and inexpensively. An order refusing to compel arbitration, if not reviewed immediately, would significantly delay arbitration and defeat its purpose. The order would force the party seeking arbitration to proceed with a potentially lengthy and costly trial and, if dissatisfied with the result, appeal from the final judgment. [Citation.] By the time the Court of Appeal overturned the trial court's order, the value of the right to arbitrate would be significantly diminished by the delay and expense of litigation. The Legislature's dissatisfaction with this result led it to enact section 1294, subdivision (a) which specifically authorizes an appeal from an order 'dismissing or denying a petition to compel arbitration. . . .' (Recommendation and Study Relating to Arbitration (Dec. 1960) 3 Cal.Law Revision Com.Rep. (1961) G–1, G–60 & fn. 194.)" (*Henry*, *supra*, 233 Cal.App.3d at pp. 99–100.) "[An] order staying arbitration is merely the flip side of an order refusing to compel arbitration and should be treated the same for purposes of appellate review." (*Id.* at p. 100.)

An interlocutory order denying a stay of court proceedings, however, is not an appealable order. (*Wells Fargo Bank, N.A. v. The Best Service Co., Inc.* (2014) 232 Cal.App.4th 650, 651–652.) Denying a stay of court proceedings is not the functional equivalent of denying a petition to compel arbitration. (*Id.* at p. 654.) Similarly, an order that simply lifts a stay of litigation that was previously imposed under section 1281.4 pending

10

arbitration is not an appealable order. (*Gastelum, supra*, 244 Cal.App.4th at p. 1023.)[4]

Courts have concluded that an order under section 1281.97 is the functional equivalent of denying a petition to compel arbitration, and therefore, appealable. (*Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054, 1065 (*Williams*), disapproved on another issue by *Hohenshelt, supra*, 18 Cal.5th at p. 349; *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 633 (*Gallo*), disapproved on another issue by *Hohenshelt, supra*, 18 Cal.5th at p. 349.) We agree with *Williams* and *Gallo* on this point. An order under section 1281.97 finding the drafting party materially breached the arbitration agreement, allowing the employee or consumer to withdraw a claim from arbitration and proceed in court, is not simply an order lifting a stay of court proceedings. An order under section 1281.97 finding a defendant materially breached the arbitration agreement and waived the right to arbitrate operates as a complete defense to enforcement of the parties' arbitration agreement, which is the functional equivalent of an order denying a petition to compel arbitration. (*Williams, supra*, 86 Cal.App.5th at p. 1065.) If not reviewed immediately, the order will significantly delay arbitration and

---

[4] An order denying a stay of litigation pending arbitration is reviewable, however, in connection with an appeal from another appealable order or judgment. (*MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 655.) Section 1294.2 of the CAA provides in pertinent part: "Upon an appeal from any order or judgment under this title, the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party."

11

defeat its purpose by forcing the party desiring arbitration to conduct a potentially lengthy, costly trial, and to appeal from the final judgment. By the time the appellate court overturns the order, the value of the right to arbitrate would be significantly diminished by the delay and expense of litigation.

Principles of statutory construction support our conclusion. "[T]he Legislature is deemed to be aware of existing laws and judicial decisions in effect at the time legislation is enacted and to have enacted and amended statutes ' "in the light of such decisions as have a direct bearing upon them." ' [Citations.]" (*People v. Overstreet* (1986) 42 Cal.3d 891, 897.) " '[W]hen the Legislature amends a statute without changing those portions . . . that have previously been construed by the courts, the Legislature is presumed to have known of and to have acquiesced in the previous judicial construction.' [Citations.]" (*People v. Atkins* (2001) 25 Cal.4th 76, 89–90.)

The Legislature was presumably aware of the case law construing orders that are functionally equivalent to denying a motion to compel arbitration to be appealable, but the Legislature did not include any language to alter the existing law or address appealability when it enacted section 1281.97. Moreover, after *Williams* and *Gallo* held that orders under section 1281.97 are appealable as the functional equivalent of an order denying a motion to compel arbitration, the Legislature amended section 1294, subdivision (a), effective January 1, 2024, to add that "the perfecting of such an appeal shall not automatically stay any proceedings in the trial court during the

pendency of the appeal." (Stats. 2023, ch. 710 (S.B. 365), § 1.)[5] By amending section 1294, subdivision (a), without changing the portion that had been construed to include orders under section 1281.97, the Legislature is considered to have acquiesced to the judicial construction. The Legislature chose instead to balance competing interests by providing, in the trial court's discretion, for litigation to proceed in court while the order denying arbitration is reviewed on appeal.

Because we conclude the order under section 1281.97 is appealable, we consider whether the trial court properly applied section 1281.97.

## B. Relevant Statutory Schemes

### 1. The FAA

The FAA was enacted to override judicial hostility to enforcing arbitration agreements. (*Volt Information Sciences,*

---

[5] An analysis of Senate Bill 365 (SB 365) prepared for the Senate Judiciary Committee states the purpose of the bill as follows in pertinent part: "Current law allows corporate defendants to pause a consumer, government, or worker's case by simply filing an appeal of a trial court's denial of a motion to compel arbitration. Through this process, powerful corporations delay cases filed against them for typically one to three years. This bill allows consumers, governments, or workers to move their case forward if a company files an appeal, rather than waiting for years while the appeal is heard. SB 365 will level the playing field for consumers, governments, and workers who deserve to move their case forward when a company or employer violates their rights." (Sen. Com. on Judiciary, Analysis of SB 365 (2023-2024 Reg. Sess.) Apr. 7, 2023, p. 6.)

*Inc. v. Board of Trustees of Leland Stanford Junior University*
(1989) 489 U.S. 468, 478 (*Volt*).) It incorporates "a strong federal
policy favoring arbitration." (*Mendoza v. Trans Valley Transport*
(2022) 75 Cal.App.5th 748, 761.)

The FAA applies to arbitration provisions in contracts
involving commerce. (9 U.S.C. § 2.)[6] Section 2 of the FAA
provides that an arbitration agreement within the scope of the
FAA is "valid, irrevocable, and enforceable, save upon such
grounds as exist at law or in equity for the revocation of any
contract or as otherwise provided in [the FAA]." (9 U.S.C. § 2.)

Section 2 of the FAA encompasses two concepts: an
"enforcement mandate" establishing that arbitration agreements
are enforceable under federal law, and a "savings clause"
allowing invalidation of arbitration agreements on grounds that
apply to any contract. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 327.)
The two concepts combined form " 'an equal-treatment principle:
A court may invalidate an arbitration agreement based on
"generally applicable contract defenses" like fraud or
unconscionability, but not on legal rules that "apply only to

---

[6] Specifically, the FAA applies in "any maritime transaction
or a contract evidencing a transaction involving commerce." (9
U.S.C. § 2.) The phrase "involving commerce" in section 2 of the
FAA is broader than merely people and activities within the flow
of interstate commerce; it extends the FAA's reach to the full
limits of the Commerce Clause. (*Allied-Bruce Terminix
Companies, Inc. v. Dobson* (1995) 513 U.S. 265, 279 & 273; *Muller
v. Roy Miller Freight Lines, LLC* (2019) 34 Cal.App.5th 1056,
1062.) "Employment contracts, except for those covering workers
engaged in transportation, are covered by the [FAA.]" (*Equal
Employment Opportunity Commission v. Waffle House, Inc.*
(2002) 534 U.S. 279, 289.)

14

arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." ' " (*Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 650.)

The FAA does not bestow arbitration agreements with special status; it simply ensures arbitration agreements are as enforceable as other contracts. (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 384 (*Cronus*).)

The substantive federal arbitration law contained in section 2 of the FAA applies to any arbitration agreement within the scope of the FAA, whether in federal or state court. (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24; *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350–1351 (*DIRECTV*); *Cronus, supra*, 35 Cal.4th at pp. 387–390.) The FAA does not expressly preempt state law, and Congress did not intend for the FAA to occupy the entire field of arbitration. (*Volt, supra*, 489 U.S. at p. 477.) But when the FAA applies to an agreement, the substantive provisions of the FAA will preempt state law to the extent that the state law actually conflicts with the federal law or operates as an obstacle to accomplishing the purposes of the FAA. (*Ibid.*; *Cronus, supra*, 35 Cal.4th at pp. 387–390)

The FAA also contains procedural provisions, which apply in federal court proceedings related to arbitrations. (*DIRECTV, supra*, 44 Cal.4th at p. 1351.) By their terms, the procedural provisions of the FAA are limited to federal courts and do not apply in state court. (*Ibid.*) For example, sections 10 and 11 of the FAA set forth provisions for limited judicial review of arbitration awards by "the United States court in and for the district wherein the award was made." (9 U.S.C. § 10, § 11; *DIRECTV, supra*, at p. 1351.)

15

Generally, if an arbitration proceeding is filed in California court and the parties' agreement falls within the scope of the FAA, the procedural provisions of the FAA do not apply; instead, the procedural provisions of California's arbitration laws apply in California courts by default, unless the state law procedure is preempted because it conflicts with the substantive equal-treatment principle of the FAA. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 407–410 (*Rosenthal*); *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 164–174 (*Valencia*).) "It is a 'general and unassailable proposition . . . that States may establish the rules of procedure governing litigation in their own courts,' even when the controversy is governed by substantive federal law." (*Rosenthal, supra*, 14 Cal.4th at p. 409.)

### 2.     The CAA

In California, the CAA provides a comprehensive statutory scheme, which governs arbitration agreements outside the scope of the FAA. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9; Derner & Haydock, Confirming an Arbitration Award (1997) 23 Wm. Mitchell L.Rev. 879, 882–883, fn.19 ["In rare cases, where the arbitration matter does not involve interstate commerce, a state arbitration act may apply"].) In addition, as explained above, when an agreement falls within the scope of the FAA, the CAA supplies procedural law in state courts "to fill in gaps left by the FAA," provided the state law does not conflict with the FAA's equal-treatment principle. (*Hohenshelt, supra*, 18 Cal.5th at p. 327.)

16

The CAA similarly provides that a written arbitration agreement is valid, enforceable and irrevocable, except on grounds for the revocation of any contract. (§ 1281.) "[U]nder California law, as under federal law, an arbitration agreement may only be invalidated for the same reasons as other contracts." (*Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th at p. 98.)

In 2019, the California Legislature added sections 1281.97, 1281.98, and 1281.99 to the CAA to assist consumers and employees who find themselves in "procedural limbo" because they are required to submit a dispute to arbitration, but the entity enforcing the arbitration agreement has not paid the arbitration fees required to proceed. (Stats. 2019, ch. 870, § 4; *Hohenshelt*, *supra*, 18 Cal.5th at p. 329.) Section 1281.97 addresses the failure to timely pay fees or costs to initiate arbitration, while section 1281.98 addresses the failure to timely pay fees or costs to continue arbitration.

Section 1281.97, subdivision (a)(1), provides: "In an employment or consumer arbitration that requires . . . the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date[,] the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under [s]ection 1281.2."

Section 1281.97, subdivision (b), provides, "If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following: [¶] (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction. [¶]

17

(2) Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." If the employee or consumer chooses to withdraw from arbitration and proceed in court, the court must impose sanctions on the drafting party under section 1281.99. (§ 1281.98, subd. (d).)

In addition to the remedies provided under section 1281.97, section 1281.99 provides that the company or business that materially breached the arbitration agreement must pay the "reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach" (§ 1281.99, subd. (a)), and may also suffer an evidentiary, terminating, or contempt sanction unless it "acted with substantial justification" or "other circumstances make the imposition of the sanction unjust" (§ 1281.99, subd. (b)).

## C. Effect of Contract Provision Selecting Applicable Law

Parties can expressly agree on the law that applies to their agreements. (*Volt, supra*, 489 U.S. at p. 476.)

### 1. Selection of California Law

When parties have expressly agreed to arbitrate in accordance with state law - whether state substantive law, state procedural law, or both - the FAA does not preempt the state law to which the parties agreed. (*Volt, supra*, 489 U.S. at pp. 477–

18

478.)  In other words, if the parties have agreed to apply a provision of the CAA, no discussion of preemption is required.

For example, in *Volt*, the parties' contract fell within the coverage of the FAA because it involved interstate commerce, but the contract contained a choice-of-law provision selecting California's arbitration rules.  (*Volt*, *supra*, 489 U.S. at pp. 470–472.)  The *Volt* court concluded the parties' contract could be interpreted to incorporate California rules of arbitration without offending any policy in the FAA.  (*Ibid*.)  "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate."  (*Volt*, *supra*, 489 U.S. at p. 476.)  The appellant asserted that section 1281.2, subdivision (c), which allows the court to stay arbitration pending the resolution of litigation with a third party, was pre-empted because it conflicts with procedural provisions of the FAA that do not permit a stay of arbitration.  (*Id*. at pp. 476–477.)  The *Volt* court held that because the parties agreed to arbitration in accordance with California law, the application of section 1281.1, subdivision (c), was not preempted.  (*Ibid*.)  "Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward."  (*Id*. at p. 479.)

In *Cronus*, the parties' agreement selected California law, but also selected the FAA "if it would be applicable."  (*Cronus*, *supra*, 35 Cal.4th at p. 380.)  A dispute arose as to whether the court should apply section 1281.2, subdivision (c), allowing a stay of arbitration, or section 3 of the FAA, requiring a stay of

19

litigation pending completion of the arbitration. (*Ibid*. at pp. 387–88.) The California Supreme Court concluded that the procedural provisions of the FAA, by their terms, were not "applicable" in state court, so there was no conflict to resolve about which procedure had been selected by the parties. (*Id*. at pp. 387–390.) The substantive provisions of the FAA were applicable, but section 1281.2, subdivision (c), did not conflict with the FAA's substantive equal-treatment principle. (*Id*. at p. 391.) The *Cronus* court added, "Our opinion does not preclude parties to an arbitration agreement to *expressly* designate that any arbitration proceeding should move forward under the FAA's procedural provisions rather than under state procedural law. We simply hold that the language of the arbitration clause in this case, calling for the application of the FAA 'if it would be applicable,' should not be read to preclude the application of 1281.2(c), because it does not conflict with the applicable provisions of the FAA and does not undermine or frustrate the FAA's substantive policy favoring arbitration." (*Cronus*, *supra*, 35 Cal.4th at p. 394.)

In *Valencia*, the court considered yet another conflict between section 1281.2, subdivision (c), and the procedures of sections 3 and 4 of the FAA. (*Valencia*, *supra*, 185 Cal.App.4th at pp. 156–157.) The parties agreed to arbitrate disputes as provided by California law, and the arbitration decision was to be in accordance with substantive California law, but interpretation of the agreement " 'shall be governed by the [FAA].' " (*Id*. at pp. 159–160, emphasis omitted.) The *Valencia* court concluded the same rules of contract interpretation applied under both the FAA and the CAA. (*Id*. at p. 176.) Applying the plain meaning rule of contract interpretation, as employed by the FAA, the court

20

found the agreement expressly incorporated the CAA's procedural provisions, and did not expressly adopt the FAA's procedural provisions, so section 1281.2, subdivision (c) applied. (*Id.* at pp. 177–178.)

### 2. Selection of Federal Law

Parties may also select the FAA to govern their agreement, including the FAA's procedural provisions, rather than the procedures of the CAA. (*Cronus, supra*, 35 Cal.4th at p. 394; *Valencia, supra*, 185 Cal.App.4th at p. 157.) If state and federal arbitration procedures conflict, but the parties expressly selected the procedural provisions of the FAA, the federal procedures will be applied in state court based on the parties' choice of law. (*Cronus, supra*, 35 Cal.4th at p. 394; *Valencia, supra*, 185 Cal.App.4th at p. 157.) No discussion of preemption is required under these circumstances.

For example, in *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1114–1115 (*Rodriguez*), the court was faced with the conflict between section 1281.2, subdivision (c), and the FAA's procedural provisions. The parties' contract agreed to arbitrate claims "[p]ursuant to the Federal Arbitration Act." (*Id.* at p. 1116.) The *Rodriguez* court found the phrase " 'pursuant to the FAA' " to be "broad and unconditional." (*Id.* at p. 1122.) The parties had unambiguously adopted all of the FAA, including both its procedural and substantive provisions. (*Id.* at p. 1122.) No language in the contract suggested the parties intended to limit the application of the FAA or incorporate California arbitration law. (*Id.* at p. 1122.) Although the procedural provisions of section 3 of the FAA do not generally

21

apply in state courts, the parties had designated the FAA's procedural provisions to apply to their arbitration proceeding rather than state procedural law. (*Id*. at p. 1122.) Therefore, the court concluded, "[t]he FAA controls, including section 3 which requires the court to stay the judicial proceeding and compel arbitration." (*Id*. at p. 1122; but see *Wright v. WellQuest Elk Grove, LLC* (2026) 119 Cal.App.5th 267, 281 [broad language to arbitrate "in accordance with" FAA did not constitute express designation of FAA's procedural provisions, disagreeing with *Rodriguez* court].)

### 3. Choice of Law Issue Not Timely Raised

In *DIRECTV*, the California Supreme Court considered whether California's provisions for judicial review of an arbitration award applied, allowing parties to alter to scope of judicial review by agreement, or the procedural provisions of the FAA applied, which do not permit parties to expand the scope of judicial review by agreement, but allow states to provide for additional review. (*DIRECTV*, *supra*, 44 Cal.4th at pp. 1339–1340.) The parties' agreement stated the arbitrators did not have the power to make errors of law and the award may be vacated or corrected for such an error. (*Id*. at p. 1341, fn. 3.) The agreement also provided that " '[the arbitration provisions of the agreement] and any arbitration conducted hereunder shall be governed by the [FAA.]' " (*Ibid*.)

In a footnote, the *DIRECTV* court concluded the appellant had not timely raised the question of whether judicial review was governed by the FAA based on the choice-of-law provision in the parties' agreement. (*DIRECTV*, *supra*, 44 Cal.4th at p. 1350,

fn. 12.)  The *DIRECTV* court stated, "[s]ections 10 and 11 of the FAA refer to review by 'the United States court in and for the district wherein the award was made.'  (9 U.S.C. §§ 10(a), 11(a).)  The parties' contract did not specify whether enforcement proceedings were to be brought in state or federal court, providing generally that '[t]he decision of the arbitrators may be entered and enforced as a final judgment in any court of competent jurisdiction.'  DIRECTV's petition to vacate the award was filed, argued, and appealed in state court, and before the [decision in *Hall St. Assocs., L.L.C. v. Mattel, Inc.* (2008) 552 U.S. 576,] both parties proceeded on the theory that the CAA was controlling.  'The rule is well settled that the theory upon which a case is tried must be adhered to on appeal.  A party is not permitted to change his position and adopt a new and different theory on appeal.  To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' [Citations.]" (*DIRECTV*, *supra*, 44 Cal.4th at p. 1350, fn. 12.)

The *DIRECTV* court went on to conclude that the FAA's procedural provisions were not controlling in state court, the provision of the parties' contract expanding the scope of judicial review to include errors of law was enforceable under the CAA, and the CAA's procedure was not preempted by the substantive policy of the FAA.  (*Id.* at pp. 1340, 1352–1354.)

More recently, in *Hohenshelt*, the California Supreme Court considered whether section 1281.98 applied to the parties' arbitration proceeding or was preempted by the substantive provisions of the FAA.  (*Hohenshelt*, *supra*, 18 Cal.5th at p. 322.)  The parties' agreement provided that all claims would be submitted to arbitration " 'governed by [the FAA].' " (*Id.* at

23

p. 324.) For the first time in briefing before the high court, the respondent contended that section 1281.98 did not apply because the parties had agreed to be bound by the FAA. (*Id.* at p. 326.) The *Hohenshelt* court noted that whether the parties can, and did, opt out of the CAA was not the issue on which the respondent had sought review. "Accordingly, we decline to address the belated contention that the CAA does not apply here. We assume the CAA applies and proceed to examine the issue on which we granted review." (*Id.* at p. 327.)

The *Hohenshelt* court construed the plain language of section 1281.98 in the context of California contract law. (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 331–332.) The court found no indication that the Legislature intended to displace longstanding statutes and equitable principles providing relief to a breaching party under certain circumstances. (*Id.* at p. 341.) The court concluded that section 1281.98, properly construed in harmony with California's background statutes, makes arbitration contracts enforceable on the same grounds as apply to other contracts and is not preempted by the equal-treatment principle of the FAA. (*Id.* at p. 346.)

## D. Application to the Present Agreement

In this case, Sohnen contends the FAA governs the arbitration agreement, including the substantive and procedural provisions of the FAA, while Hernandez contends the procedures of the CAA apply, including section 1281.97. We find that in their agreement, the parties selected the FAA in its entirety, including the substantive and procedural provisions of the FAA. But we conclude that even when the parties have selected the

24

procedures of the FAA in their entirety, if a state law procedure does not directly conflict with the FAA's procedures or with the FAA's substantive equal-treatment principle, the state law procedure applies in state court to fill in the gaps left by the FAA.

### 1.    Standard of Review

Whether the parties' agreement incorporated the FAA's procedural provisions, rather than section 1281.97, is a question of law involving statutory and contract interpretation, with no parol evidence, which we review de novo. (*Rodriguez, supra*, 136 Cal.App.4th at p. 1117.) "Under the plain meaning rule, courts give the words of the contract or statute their usual and ordinary meaning." (*Valencia, supra*, 185 Cal.App.4th at p. 162.)

### 2.    Interpretation of Choice of Law Provision

The arbitration agreement in this case plainly states "this agreement is governed by the FAA." As in *Rodriguez, supra*, 136 Cal.App.4th at p. 1122, the statement in the arbitration agreement is broad, encompassing both the procedural and substantive provisions of the FAA. The agreement consistently refers to procedures contained in the FAA, such as allowing a party to seek appointment of an arbitrator pursuant to the FAA. In addition, both the arbitration agreement and the parties' stipulation expressly agree to apply the Federal Rules of Civil Procedure to the arbitration. There is no provision explicitly referring to California law in the agreement. We find the parties

selected the procedural provisions of the FAA and the Federal Rules of Civil Procedure.

Hernandez contends the parties affirmatively incorporated California's arbitration law in their agreement, including section 1281.97, by entering the stipulation after he filed suit providing that the arbitration "fully complies" with the requirements of *Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th at p. 91, and listing those requirements. We disagree. In *Armendariz*, the California Supreme Court held that discrimination claims under the California Fair Employment and Housing Act (FEHA) are arbitrable if the arbitration meets certain minimum standards of fairness allowing employees to vindicate their statutory rights, "including neutrality of the arbitrator, the provision of adequate discovery, a written decision that will permit a limited form of judicial review, and limitations on the costs of arbitration." (*Id*. at p. 91.) *Armendariz* does not require parties to arbitrate under the CAA. The parties' agreement that their arbitration would meet California's minimum requirements for a fair arbitral forum did not designate California arbitration law to govern the agreement.[7]

---

[7] Hernandez has not raised any issue based on the provision of the parties' arbitration agreement allowing a court to vacate or correct the arbitrator's award for an error of law. The procedural provisions of the FAA do not allow parties to expand the scope of review by agreement (*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, *supra*, 552 U.S. at p. 590), while California law allows parties to expressly agree to judicial review of the merits of an arbitration award (*DIRECTV*, *supra*, 44 Cal.4th at pp. 1339–1340). On appeal, however, Hernandez has not relied on this provision as evidence that the parties intended to apply

26

We conclude, however, that the parties' selection of the procedural and substantive provisions of the FAA, without more, does not preclude the application of state law procedures that do not conflict with the procedural or substantive provisions of the FAA. States establish procedural rules governing litigation in state courts which apply by default, even when a dispute is governed by substantive federal law. (*Rosenthal*, *supra*, 14 Cal.4th at p. 409.) As the California Supreme Court explained in *Hohenshelt*, "because the procedures in the FAA are not comprehensive, every state has enacted its own arbitration act to fill in gaps left by the FAA," supplying rules that apply in state court to an arbitration proceeding within the scope of the FAA as long as they do not conflict with the substantive provisions of the FAA. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 327.) In this case, the parties selected the procedural provisions of the FAA, but their agreement did not expressly preclude application of the CAA or section 1281.97. Sohnen has not shown that section 1281.97 conflicts with any procedural provision of the FAA or any provision of the parties' agreement. Therefore, section 1281.97 applies to the arbitration proceeding in this case, unless it is preempted by the substantive equal-treatment principle of the FAA.

### 3.    Preemption Analysis

Whether a state statute is preempted by the FAA depends on whether the statute conflicts with or obstructs the purpose of the FAA. (*Gallo*, *supra*, 81 Cal.App.5th at p. 637, disapproved on

California's arbitration law to the agreement, and therefore, any such argument has been waived.

another issue by *Hohenshelt, supra*, 18 Cal.5th at p. 349.) "The United States Supreme Court has frequently held that state laws invalidating arbitration agreements on grounds applicable only to arbitration provisions contravene the policy of enforceability established by section 2 of the FAA, and are therefore preempted." (*DIRECTV, supra*, 44 Cal.4th at p. 1351.) But state laws that regulate arbitration without undermining the FAA's substantive policies are not preempted. (*Gallo, supra*, 81 Cal.App.5th at pp. 638–639.)

Even prior to the enactment of section 1281.97, under generally applicable principles of California contract law, an employee could avoid enforcement of an arbitration agreement by showing that the employer's failure to perform an obligation was a material breach of the agreement. (See *Pry Corp. of America v. Leach* (1960) 177 Cal.App.2d 632, 639; *Brown v. Dillard's, Inc.* (2005) 430 F.3d 1004, 1010–1012; *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277–278.) Similarly, an employer who fails to perform an obligation under an arbitration agreement may have waived the right to demand arbitration. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 983 (*Engalla*).) Whether a party's breach is material or a waiver of the right to arbitrate is normally a question of fact. (*Brown v. Grimes, supra*, 192 Cal.App.4th at pp. 277–278; *Engalla, supra*, 15 Cal.4th at pp. 983–984.)

In California, a payment made within a reasonable time after the specified due date will usually constitute substantial compliance unless the contract provides that time is of the essence (*Magic Carpet Ride LLC v. Rugger Investment Group, L.L.C.* (2019) 41 Cal.App.5th 357, 364), but courts have determined that certain types of contracts require time is of the

essence based on the subject matter of the contract (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 342–343). Arbitration agreements inherently require that time is of the essence to achieve the benefits of speed and efficiency that are hallmarks of alternative dispute resolution. (*Ibid.*)

California law also contains several provisions that prevent unjust forfeiture of arbitration rights for failing to pay arbitration fees, including section 473, subdivision (b), and Civil Code sections 3275 and 1511. (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 332–335.) As the California Supreme Court explained in *Hohenshelt*, section 1281.97 cannot be construed in isolation to mandate findings of material breach and waiver for late payment, in a manner which does not apply to contracts generally, in violation of the equal-treatment principle of the FAA. (See *id.* at p. 341 [construing similar provisions of section 1281.98].) Section 1281.97 must be construed in the context of longstanding California contract law permitting the operation of statutes and equitable principles that provide relief from forfeiture. (See *ibid.* [construing section 1281.98 in harmony with background statutes and principles allowing relief from forfeiture where nonperformance was not willful, fraudulent, or grossly negligent].) When construed in harmony with California's generally applicable contract law, section 1281.97 makes arbitration contracts enforceable on the same grounds as apply to other contracts and is not preempted by the substantive provisions of the FAA. (See *id.* at p. 346.)

Although section 1281.97 is not preempted by the FAA, in light of the clarification that section 1281.97 does not preclude application of California law providing relief to a breaching party under certain circumstances, we must reverse the order allowing

29

Hernandez to withdraw from arbitration and proceed in court, and remand the matter to the trial court to consider whether Sohnen may be excused for failing to timely pay arbitration fees in this case.

## E.    Compliance With Court Order

As an alternative basis for the order granting the motion to withdraw from arbitration and proceed in court, separate from the payment deadline imposed by section 1281.97, the trial court found Sohnen violated the court's order to pay arbitration fees and costs "on or before any deadline specified by the arbitrator." Sohnen contends the payment order was not violated, and in any event, vacating the stay of judicial proceedings was not an appropriate sanction for any alleged violation of the payment order.  We agree.

The trial court's payment order did not set a deadline for payment that was violated.  Nor can the invoice from the arbitration provider be reasonably construed to have set a specific payment date:  the invoice ambiguously states that it is "due upon receipt," and Sohnen had a reasonable time for payment from the point the invoice was received.  Further, the payment order did not reasonably advise the parties of the consequences for violating any payment deadline.  There is no substantial evidence that a deadline imposed by the payment order was missed, nor is there evidence justifying the sanction of vacating the stay of judicial proceedings.

## DISPOSITION

The September 1, 2022 order is reversed and remanded for the trial court to consider whether the failure to timely pay arbitration fees in this case may be excused under California law. In the interests of justice, the parties are ordered to bear their own costs.

NOT TO BE PUBLISHED.


MOOR, J.


I CONCUR:


KIM (D.), J


31

Massiel Hernandez v. Sohnen Enterprises, Inc.
B323303


BAKER, Acting P. J., Concurring


When this court's opinion in this appeal first issued, I wrote separately for several reasons. I expressed doubt that the order from which this appeal is taken is actually an appealable order and invited the Legislature to clarify whether it is. I opined the arbitration agreement at issue is too ambiguous to conclude the Federal Arbitration Act (FAA) fully applies, i.e., substantively and procedurally. And I explained Code of Civil Procedure section 1281.97 is not preempted by the FAA because there was "no reason to believe that the Legislature's specification of a 30-day timeframe for what constitutes a material breach and waiver for consumer and employment disputes that are supposed to be resolved by the faster means of arbitration is meaningfully inconsistent with what properly constitutes a material breach and waiver for contracts where time is of the essence—and that is the only category that matters for comparison purposes."

Our Supreme Court then granted review and held the matter for its decision in *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310. *Hohenshelt* holds the FAA does not preempt a similar statute, Code of Civil Procedure section 1281.98, because the "30-day payment deadline after issuance of [an] arbitrator's invoice tracks other situations where contextual clues suggest that parties want time to be of the essence" and California statutes requiring prompt payment of arbitration fees should be

construed to permit withdrawing a matter from arbitration when nonpayment is "willful, grossly negligent" and not when it "results from a good faith mistake, inadvertence, or other excusable neglect." (*Id.* at 323, 342.)

The opinion the majority issues today after *Hohenshelt* considerably narrows the earlier points of disagreement. The majority concludes the FAA's substantive and procedural rules apply but this still does not bar application and enforcement of the provisions of section 1281.97. I see no need to quibble with this analysis because the bottom-line result is the same: the provisions of section 1281.97—construed in the same manner as our high court construed the provisions of section 1281.98—are applicable. The majority additionally holds the cause should be remanded so the trial court can decide whether the untimely payment of arbitration fees in this case resulted from a good faith mistake, inadvertence, or excusable neglect. I do not disagree with giving the trial court the opportunity to make that determination in the first instance.


BAKER, Acting P. J.

2